UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:10-CV-75-H

ALLSTATE INSURANCE COMPANY                          PLAINTIFF

V.

THEODORE J. CARTER, et al.                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Allstate Insurance Company ("Allstate") filed this declaratory judgment action seeking a determination of coverage of an accident involving a privately owned pick-up truck and a city bus. Defendants are the driver of the truck, Theodore Carter ("Theodore"), and passengers on the city bus. Allstate has now moved for summary judgment and Defendants have objected claiming factual issues exist. Due to the unusual circumstances presented, the Court cannot completely resolve the insurance coverage issues and, for the reasons stated below, Allstate's motion for summary judgment will be denied.

I.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "On summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

Furthermore, under Kentucky law, "an ambiguous term [in an insurance policy] must be construed in such a manner as to favor insurance coverage rather than to restrict it." *Perry v. Motorists Mut. Ins. Co.,* 860 S.W.2d 762, 765 (Ky. 1993). In discussing permissive use of

vehicles, the Kentucky Supreme Court has stated that the Motor Vehicle Reparations Act "must be interpreted liberally to accomplish its public policy goals . . . 'to insure continuous liability insurance coverage in order to protect the *victims* of motor vehicle accidents and to insure that one who suffers a loss as the result of an automobile accident would have a source and means of recovery.'" *Mitchell v. Allstate Ins. Co.,* 244 S.W.3d 59, 63 (Ky. 2008) (quoting *Nat'l Ins. Ass'n v. Peach,* 926 S.W.2d 859, 861 (Ky. App. 1996)). The facts are presented in a manner favorable to Defendants.

## II.

Donna and Theodore Carter were married in 2004. Donna (now Donna Briscoe) bought a home in 2008, with the mortgage solely in her name. Theodore lived in the home with Donna. In early 2009, Donna bought a truck and placed the title in her own name. Theodore did contribute money towards the purchase and the couple planned for him to use the truck for handyman jobs. However, Theodore did not possess a driver's license. Donna purchased an automobile insurance policy listing herself as the named insured and listing the truck as the insured vehicle (the "Policy").

At some point in early 2009, the couple had an altercation that prompted Theodore to leave the home to avoid any further issues. On March 11, 2009, Donna filed for an Emergency Protective Order/Domestic Violence Order ("EPO/DVO") in which Theodore was required "to vacate residence shared by the parties" and to refrain "from disposing of, or damaging, any property of the parties," "from committing any further acts of domestic violence and abuse," and "from any contact or communication with Petitioner except as directed by the Court." The EPO/DVO hearing was set for March 24, 2009.

On March 18, 2009, Theodore returned to the residence to collect some clothes. He still had keys to the home and garage, and there were keys to the recently purchased truck in the home. When Donna Carter arrived home, she called the police and sheriffs to serve Theodore with the EPO/DVO and remove him from the residence. The police served Theodore with the EPO/DVO and asked him to turn over his keys and leave. Theodore had picked up keys to the truck while in the home collecting some clothing. He placed his clothes in the truck and drove away; neither the police nor the sheriff objected to him leaving in the truck.

Later on the same day, Theodore was driving the truck when it collided with a city bus. As a consequence of this collision, Theodore was indicted and pled guilty on charges of stalking, terroristic threatening, and giving a false name to police. He also entered an Alford plea on wanton endangerment and assault second charges.

Several bus passengers have filed lawsuits in Jefferson Circuit Court against Theodore Carter and Donna Carter. Allstate is appropriately providing a defense for each under a reservation of rights. However, it now seeks a declaration that it has no duty to indemnify Theodore in the state court action.

III.

Donna Carter is the named insured on the Policy. Allstate asserts two primary reasons for denying coverage for this incident: (1) Theodore is not a "resident" of the household as defined by the policy or (2) he did not have permission to use the insured vehicle. Should this Court find that Theodore was a "resident," Allstate argues that its coverage is limited by an exclusion for "bodily injury or property damage which may reasonably be expected to result from the intentional or criminal acts of an insured person or which are in fact intended by an

insured person." Theodore's failure to possess a driver's license does not by itself exclude him from coverage under the Policy.

A.

The policy defines a "resident" as "a person who actually resides in **your** household with the intention to continue living there." "Your" refers to "the policyholder named on the declarations page and that policyholder's resident spouse;" the individual named on the declarations page is Donna Carter. Allstate claims Theodore is not a resident spouse because he did not reside in the household at the time of the incident. In other words, Allstate claims that either Theodore's absence from the residence for somewhere between one and three weeks before the incident or the obtaining and serving of an EPO/DVO function to terminate his status as a resident and, therefore, as an insured.

Though Theodore voluntarily left the household approximately one to three weeks prior to the incident, he retained keys to the household, left most of his clothes there, and continued to still receive mail there. The issuance of a temporary EPO/DVO prior to the hearing does not conclusively terminate Theodore's status as a resident spouse. In fact, Donna Carter signed her Criminal Complaint on March 19, 2009 giving the home's address as Theodore's residence. Temporary absence of such a short duration unaccompanied by any further evidence that a spouse has permanently moved seems insufficient reason to declare that he is no longer residing there and that he has no intention to continue living there. "Residency and intent are questions of fact and not of law where the evidence supports more than one inference upon which reasonable minds may differ." *Perry v. Motorists Mut. Ins. Co.,* 860 S.W.2d 762, 764 (Ky. 1993). This Court cannot determine as a matter of law that Theodore is no longer a resident

spouse under the Policy.

B.

In view of the Court's analysis in Subsection A, the question of whether Theodore had permission to use the truck is unnecessary to answer. Nevertheless, were a jury to find that Theodore was not a resident spouse, the policy may still cover the incident if Theodore was using the truck with the permission of Donna Carter. "Such permission can be either express or implied." *Mitchell v. Allstate Ins. Co.,* 244 S.W.3d 59, 62 (Ky. 2008).

On the one hand, Theodore had implied permission because the truck would qualify as marital property, the truck was bought for his use, he had access to the keys to the truck, and he drove away in the truck on the day of the incident with the knowledge of the police and sheriff.[1] On the other hand, Theodore did not possess a license or his own set of keys, and Donna did not expressly give him permission to drive the truck. Moreover, Theodore admitted in his deposition that he did not have permission to drive the truck.[2] "Whether there was a permission . . . for the purpose the car was being used is, of course, a question of fact. But if the evidence is all one way without susceptibility of a different inference or deduction . . . of course, it becomes a matter of law for the court." *U.S. Fidelity & Guar. Co. v. Brann,* 297 Ky. 381, 385 (Ky. 1944).

Whether the truck was indeed marital property does not resolve the issue in these

---

[1] Theodore suggested in his deposition that his wife was talking to authorities that morning about not letting him take the truck. Carter Dep. 14:5-11. However, nothing was said directly to Theodore about the truck and the Sheriff walked Theodore to the truck that morning. *Id*. at 20: 2-4, 45: 16-19 and 47: 1 - 10.

[2] Among other things, Theodore stated, "I already knew I wasn't supposed to drive it, but, you know, I snuck and drove it here and there, you know. I ain't had no other transportation and I was living in the west end and we way out there in Newburg, so I'm going to sneak and drive it. I've had permits here and there before, I've even owned my own vehicle before, you know, and so - in my name without a driver's license." Carter Dep. 36: 14-22, March 23, 2010. Theodore also stated that when his wife was upset with him, she would take the keys to the truck. *Id.* at 32: 8-15.

5

circumstances, at least certainly not to Theodore's favor. Whether Theodore's failure to actually obtain permission means that, in fact, he lacked permission, only a jury could determine from the evidence. At the very least, different rational inferences are permissible from the known evidence.

## C.

Allstate argues that, should this Court conclude Theodore is a resident spouse, the incident is not covered because of the "intentional or criminal acts" exclusion. Allstate does not argue the incident is excluded because he intentionally or criminally engaged in collision with the city bus; rather, Allstate argues the incident is excluded because Theodore converted the truck. Because it is not clear if Theodore had permission to use the truck, the Court cannot award summary judgment on the notion of criminal conversion of the truck.

## IV.

Allstate also seeks a declaration that it has no duty to provide a defense for Theodore on the allegations of this complaint. "Kentucky courts have recognized that the duty to defend is broader than the duty to indemnify. Insurers have an obligation to defend if there is an allegation 'which potentially, possibly or might come within the coverage of the policy.'" *Lenning v. Commercial Union Ins. Co.,* 260 F.3d 574, 581 (6th Cir. 2001) (quoting *James Graham Brown Found., Inc. v. St. Paul Fire & Marine Ins. Co.,* 814 S.W.2d 273, 279 (Ky. 1991)); *also see Kentucky Farm Bureau Mutual Ins. Co. v. Blevins*, 268 S.W.3d 368, 374 (Ky. App. 2008). As discussed above, depending upon the jury's findings, Theodore may be covered under the Policy in these circumstances. Consequently, the Court finds it has a duty to defend.

For the reasons stated, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Allstate's motion for summary judgment on its obligation to indemnify Theodore Carter under the Policy is DENIED. The issue of Policy coverage will be determined by a jury.

IT IS FURTHER ORDERED that Allstate does have a duty to provide a defense for Theodore Carter in the underlying litigation.

cc:     Counsel of Record